IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY W. PAIGE,

    Plaintiff,                      No. CIV S-08-2164-SPG (PC)

    vs.

SACRAMENTO COUNTY MAIN
JAIL et al.

    Defendants.               ORDER DISMISSING ACTION

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On August 20, 2009, defendants filed a motion for partial dismissal. On August 25, 2009, the court advised plaintiff that, under Local Rule 78-230(m), he had 21 days within which to file an opposition to the pending motion. Plaintiff did not file a response within that period. On October 1, 2009, the court again advised plaintiff to file an opposition to the pending motion and specifically warned him that failure to oppose such a motion might result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). The court further ordered that plaintiff file an opposition to the motion on or before October 21, 2009. That deadline has now expired but plaintiff has not responded in any way to the court's order.

        "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

1

an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

> In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

Id. at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

In determining that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for more than one year and has reached the stage for resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury trial. Plaintiff's failure to comply with the Local Rules and the court's August 25, 2009, and October 1, 2009, orders suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation that plaintiff demonstrates no intention to pursue.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to oppose the motion does not put defendants at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Indeed, defendants would be "disadvantaged" only by a decision by the court to continue an action that plaintiff has abandoned. The fourth factor, the public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. But, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal and the

1  third factor does not militate against it.  In all the circumstances, those factors outweigh the

2  general public policy favoring disposition of cases on their merits.  <u>See</u> <u>id.</u> at 1263.  For the

3  foregoing reasons,

4        IT IS HEREBY ORDERED that this action be dismissed pursuant to Federal Rule

5  of Civil Procedure 41(b).

6  DATED:  November 17, 2009

9        /s/ Susan P. Graber
      UNITED STATES CIRCUIT JUDGE