IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY W. PAIGE,

    Plaintiff,                        No. CIV S-08-2164-SPG (PC)

    vs.

SACRAMENTO COUNTY MAIN JAIL,

    Defendant.                     <u>ORDER DENYING RELIEF FROM JUDGMENT</u>

_____/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleged that officers at the Sacramento County Main Jail falsely accused him of possessing contraband, that the officers wrongfully placed him in segregated housing, and that the officers harassed, defamed, and physically assaulted him. On August 20, 2009, Defendants filed a motion for partial dismissal of the suit. On August 25, 2009, the court advised Plaintiff that, under Local Rule 78-230(m), he had 21 days within which to file an opposition to the pending motion. Plaintiff did not file a response within that period. On October 1, 2009, the court again advised Plaintiff to file an opposition to the pending motion. The court warned Plaintiff that, if he failed to oppose the motion, his suit might be dismissed under Federal Rule of Civil Procedure 41(b). The court gave Plaintiff until October 21, 2009, to file his opposition. Plaintiff never filed an opposition to Defendants' motion. Accordingly, the

1

court entered judgment for Defendants on November 18, 2009, because of Plaintiff's failure to prosecute his suit.

On December 8, 2009, Plaintiff filed a motion to address the court, in which he alleged that he did not receive his mail during the month in which notice of the October 1, 2009, order was served. On October 14, 2010, the court ordered Plaintiff to show cause why he should be relieved from the judgment in this matter. On October 26, 2010, the court received notice that the copy of the October 14 order sent to Plaintiff could not be delivered because of an inaccurate address. On November 3, 2010, Plaintiff updated his mailing address and requested additional time within which to respond to the court's October 14 order. On November 4, 2010, the court gave Plaintiff a 21-day extension. A copy of that order was served on Plaintiff on November 16, 2010. More than 21 days have passed since the date of the court's most recent order and Plaintiff has not filed any response. The court must therefore address Plaintiff's request for relief from the judgment without the benefit of Plaintiff's response.

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment, order, or proceeding under certain circumstances. In particular, Rule 60(b)(1) gives this court the discretion to grant such relief for "excusable neglect." Plaintiff, as the person seeking relief from the judgment here, bears the burden of demonstrating that good cause supports his request for relief under Rule 60(b)(1).

The Ninth Circuit has identified four factors that this court must consider when deciding whether Plaintiff has established good cause under Rule 60(b)(1): (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential effect on the proceedings; (3) the reason for the delay; and (4) the Plaintiff's good faith. Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223–24 (2000) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). The court recognizes that the test to determine whether neglect may be excused under Rule 60(b)(1) is an equitable one and that, "where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b)

requires that the finality interest should give way fairly readily, to further the competing interest of reaching the merits of a dispute." <u>TCI Grp. Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 696 (9th Cir. 2001).

Under the circumstances, the court declines to relieve Plaintiff from the judgment. Although Plaintiff has alleged that he was kept in a secured housing unit without access to his mail during October and November 2009, he has not provided the court with any evidence supporting those allegations. Without any such evidence, the court cannot determine the reason for Plaintiff's failure to oppose Defendants' motion for partial dismissal. Nor can the court determine whether Plaintiff has acted in good faith. Accordingly, Plaintiff has failed to carry his burden to show that the two most important factors in the Rule 60(b)(1) analysis support relief.

Even if true, Plaintiff's allegations would not support relief. Plaintiff claims that the jail deprived him of his mail during October and November 2009, but Defendants' motion was filed in August 2009 and this court first advised Plaintiff of his duty to respond to the motion that same month. The docket shows that Plaintiff was served with the court's August 25, 2009, order on the following day. Plaintiff knew about his obligation to respond to Defendants' motion in August and had ample time in which to do so before he allegedly was moved to a secured housing unit in October 2009. Plaintiff's allegations therefore fail to explain why he should be excused from neglecting to respond to Defendants' motion during that time.

The remaining two factors in the analysis do not support relief from the judgment here, either. Plaintiff filed this suit more than two years ago. Many of the witnesses to the events described in his complaint likely have been released from jail or no longer work there. In light of the potential prejudice to Defendants, the effect on the proceedings of a two-year delay, and Plaintiff's failure to present any evidence showing why the court should excuse his neglect, the court finds that relief under Rule 60(b)(1) is not warranted.

1  Accordingly, IT IS HEREBY ORDERED that:

2  Plaintiff has failed to show good cause why he should be relieved from the
3  judgment.  The judgment for Defendants will stand.

4  The Clerk of the Court shall forward a copy of this order to Defendants Polete and
5  Wall and shall serve a copy of this order on Jennifer Neill, Supervising Deputy Attorney General.

7  DATED:  December 8, 2010

10     /s/ Susan P. Graber
   UNITED STATES CIRCUIT JUDGE